UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

PHL VARIABLE INSURANCE COMPANY,

    Plaintiff,

v.

THE LILLY KLEIN FAMILY 2008A TRUST, by and through its trustee, CHARLES SCHWARTZ,

    Defendant.

Case No.:

**COMPLAINT**

TOWNES, J.
CARTER, M.J.

FILED
CLERK
10 JUN -3 PM 4: 27
U.S. DISTRICT COURT
EASTERN DISTRICT
NEW YORK

Plaintiff PHL Variable Insurance Company, by and through its attorneys, Dorsey & Whitney LLP, as and for its complaint against The Lilly Klein Family 2008A Trust, by and through its trustee, Charles Schwartz, alleges as follows:

## NATURE OF CASE

1. This is a declaratory judgment action brought against The Lilly Klein Family 2008A Trust seeking a declaration that the policy of life insurance bearing the number 97529999 (the "Policy") is null, void and rescinded *ab initio* due to the material financial misrepresentations and omissions that Lilly Klein and The Lilly Klein Family 2008A Trust made on the relevant life insurance application. This action, seeking rescission of the Policy, is brought pursuant to the Federal Declaratory Judgment Statute, 28 U.S.C. § 2201.

## PARTIES

2. PHL Variable Insurance Company ("Phoenix") is a Connecticut insurance company that is authorized to transact the business of insurance. Phoenix is organized under the laws of Connecticut and its principal place of business is located in Hartford, Connecticut. Phoenix's headquarters are located at One American Row, Hartford, Connecticut 06102-5056. Phoenix's high level officers direct, control and coordinate the corporation's activities from

Hartford, Connecticut. As such, Phoenix is a citizen of the State of Connecticut within the meaning and intent of 28 U.S.C. § 1332.

3. Upon information and belief, The Lilly Klein Family 2008A Trust (the "Trust") is a trust organized under the laws of New York, with its situs located at 1070 East 26th Street, Brooklyn, New York 11210. Upon information and belief, the Trust's settlor is Lilly Klein. Upon information and belief, Lilly Klein is a citizen of New York, with her primary residence located at 1723 58th Street, Brooklyn, New York 11204. The Trust may be served through its trustee, Charles Schwartz (the "Trustee"), at his primary residence, 1070 East 26th Street, Brooklyn, New York 11210. Upon information and belief, Trustee Schwartz is the Trust's sole trustee and is a citizen of New York. As such, the Trust is a citizen of the State of New York within the meaning and intent of 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over all parties of this lawsuit under 28 U.S.C. §1332(a)(1) because Phoenix and the Trust are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of attorneys' fees, interest and costs.

5. Phoenix is a corporation organized under the laws of Connecticut and has its principal place of business in Connecticut. As such, for diversity purposes, Phoenix is a citizen of the State of Connecticut.

6. Upon information and belief, the Trust is organized under the laws of New York, the situs of the Trust is in New York and the sole Trustee is a citizen of New York. As such, for diversity purposes, the Trust is a citizen of the State of New York.

7. As Phoenix and the Trust are citizens of different states, a diversity of citizenship exists.

8. As set forth more fully below, this case involves an adjudication of the rights and obligations under an insurance policy with a face amount far in excess of $75,000. Additionally, this case involves an adjudication of the disbursement of premiums paid on the Policy, also far in excess of $75,000.

9. The Trust is subject to the personal jurisdiction of this Court as the situs of the Trust is a located in New York and the Trust was established under New York law.

10. This Court has jurisdiction over this declaratory judgment action pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, which grant the United States District Courts jurisdiction to declare the "rights and other legal relations of any interested party making such declaration, whether or not further relief is or could be sought."

11. Venue is proper for this action pursuant to 28 U.S.C. §1391 as the situs of the Trust is located in Kings County. In addition, all or a portion of the events giving rise to the cause asserted herein occurred in the State of New York.

## FACTUAL BACKGROUND

12. Phoenix is, and during all relevant times has been, in the business of underwriting and issuing policies of life insurance and is authorized to transact the business of insurance.

13. On or about May 2, 2008, the Trust, by and through its Trustee, applied in writing (the "Application") to Phoenix seeking the issuance of an insurance policy insuring the life of Lilly Klein ("Klein").

14. In completing the Application, Klein and the Trust provided Phoenix with material information regarding, among other things, Klein's net worth and income. In completing the Application, Klein and the Trust knew that each was required to provide complete, accurate and honest answers to the questions presented on the Application. Klein and the Trust also knew that Phoenix would rely upon the answers recorded on the Application in

3

determining whether Klein was insurable and qualified for the insurance sought through the Application.

15. Klein and the Trust, through its Trustee, responded to clear, direct questions seeking material information regarding Klein's net worth and annual income. In response to these questions, the Application represented that Klein had a net worth of $22,000,000 and other income of $1,300,000. As discussed more fully in the following paragraphs, these representations were false and were each material to Phoenix's acceptance of the risk assumed.

16. Additionally, during the application process, Klein and the Trust represented that the life insurance was being sought for "estate planning." This statement was false and was material to Phoenix's acceptance of the risk assumed.

17. The Application contained the following affirmation:

> I have reviewed this application, and the statements made herein are those of the proposed insured and all such statements made by the proposed insured in Part I or and in Part II of this application are full, complete, and true to the best knowledge and belief of the undersigned and have been correctly recorded.

Klein and the Trust, through its trustee, executed the Application on or about May 2, 2008.

18. On the basis of the statements and representations contained on the Application and in reliance upon Klein's and the Trust's complete candor, honesty and openness in disclosing information in response to the questions presented on the Application, Phoenix issued the Policy to the Trust, with an effective date of June 5, 2008. The Policy's death benefit is $5,000,000.

19. Upon information and belief, contrary to the representations contained on the Application, Klein did not have a net worth of $22,000,000 or other income of $1,300,000 on the date of the Application. In an effort to verify that the financial representations contained on the Application were true and correct, Phoenix sent letters to Klein, the Trustee and the insurance

4

broker who sold the Policy requesting documents that substantiated the financial representations that were made during the application process. To date, Klein, the Trustee and the insurance broker who sold the Policy have failed to adequately respond to Phoenix's requests. Notwithstanding these requests, Phoenix's own independent investigation did not reveal any basis on which a person could reasonably conclude that Klein had a net worth of $22,000,000 or other income of $1,300,000 on the date of the Application. Phoenix asserts that the statements made during the application process with respect to Klein's net worth, annual income, source of funding and purpose for the life insurance were each materially incorrect and/or fraudulent.

20.  Had Klein and the Trust provided accurate responses on the Application regarding these items, Phoenix would not have issued the Policy or would have done so on materially different terms. As a result of the Policy's issuance, Phoenix has suffered damages, including but not limited to, the payment of commissions that Phoenix would not have paid but for the sale of the Policy.

21.  Phoenix brings this action seeking rescission of the Policy and an order declaring the Policy void *ab initio*.

## COUNT I
## DECLARATORY JUDGMENT

22.  Phoenix incorporates herein each of its allegations contained in paragraphs 1–21 above.

23.  Pursuant to the Federal Declaratory Judgment Statute, 28 U.S.C. § 2201, Phoenix seeks a declaratory judgment that the Policy is null, void and rescinded *ab initio* due to the material misrepresentations and omissions that Klein and the Trust made on the Application.

24.  Phoenix has been damaged as a result of the foregoing material misrepresentations, in that it has incurred expenses and costs in connection with, among other

things, its underwriting and issuance of the Policy, payments of commissions and fees in connection with the issuance of the Policy, administration and servicing of the Policy, investigation of the misrepresentations and concealments detailed above, and commencement of this action to enforce its rights.

25. In light of the foregoing damages, expenses, and costs incurred by Phoenix, Phoenix should be permitted to retain the premiums paid for the Policy as an offset against such damages and costs and/or disgorgement of the Trust's ill-gotten gains. Without such retention, offset, and/or disgorgement, restitution of the parties to their pre-contract positions would be impossible.

26. Notwithstanding the foregoing, Phoenix stands ready, willing, and able to refund or otherwise make payment of all or any portion of the premiums paid for the Policy as directed by the Court in accordance with Phoenix's demand for rescission of the Policy and restitution of the parties to their pre-contract positions insofar as is possible and equitable. Accordingly, Phoenix hereby makes constructive tender of the premiums paid for the Policy and respectfully seeks the Court's direction as to actual payment of same.

27. Phoenix also seeks its attorneys' fees and costs pursuant to the Federal Declaratory Judgment Statute.

WHEREFORE, due to the above-referenced material misrepresentations, PHL Variable Insurance Company demands judgment against The Lilly Klein Family 2008A Trust as follows:

(a) an order declaring and adjudging the Policy to be null and void and rescinded, *ab initio*;

(b) an order directing that Phoenix either retain or deposit with the Clerk of the Court all premiums paid on the Policy along with required interest, if any;

(c) if the Court directs the deposit of the premiums with the Clerk of the Court, an order directing the Clerk of the Court to pay Phoenix, from any premiums deposited with the Court, an amount equal to the premiums paid on the policy or, alternatively, the total of: 1) the commissions paid by Phoenix in connection with the sale of the Policy; and 2) any other damages incurred by Phoenix as a result of the Policy's issuance and subsequent investigation, including attorneys' fees and expenses;

(d) an order awarding Phoenix its costs of suit and reasonable attorneys' fees pursuant to the Federal Declaratory Judgment Statute; and

(e) an order awarding such other relief as the Court deems equitable and just to Phoenix.

Dated: New York, New York
       June 3, 2010

**DORSEY & WHITNEY LLP**

By: _____
    Patrick J. Feeley
    Stephen M. Raab

250 Park Avenue
New York, NY 10177-1500
(212) 415-9200

Attorneys for Plaintiff
PHL Variable Insurance Company