UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

PHL VARIABLE INSURANCE COMPANY,

                Plaintiff,

v.

THE LILLY KLEIN FAMILY 2008A TRUST, by and through its trustee, CHARLES SCHWARTZ,

                Defendant.

------------------------------------------------------------X

**ANSWER TO COMPLAINT**

Civil Action No. 10-CIV-2557(SLT-ALC) (ECF)

Defendant The Lilly Klein Family 2008A Trust ("Trust") by and through its trustee, Charles Schwartz ("Schwartz"), by his undersigned attorneys, Jakubowitz & Chuang LLP, for his answer to the amended complaint ("complaint"), alleges as follows:

## NATURE OF CASE

    1.    States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint.

## PARTIES

    2.    States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations contained in paragraph 2 of the complaint.

    3.    Admits the allegations contained in paragraph 3 of the complaint.

4. Admits that the amount in controversy exceeds $75,000, but states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the complaint and on that basis denies them.

5. States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations contained in paragraph 5 of the complaint.

6. Admits the allegations contained in paragraph 6 of the complaint.

7. States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations contained in paragraph 7 of the complaint.

8. Admits the allegations contained in paragraph 8 of the complaint.

9. Admits the allegations contained in paragraph 9 of the complaint.

10. States that no response is required to the allegations contained in paragraph 10 of the complaint because the allegations consist of legal conclusions.

11. States that no response is required to the allegations contained in paragraph 11 of the complaint because the allegations consist of legal conclusions, but admit that venue is proper.

**FACTUAL BACKGROUND**

12. States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations contained in paragraph 12 of the complaint.

13. Avers that the application are the best evidence of their content. Except as specifically averred herein, denies the allegations of paragraph 13.

14.     Avers that the application are the best evidence of their content. Except as specifically averred herein, denies the allegations of paragraph 14.

15.     Avers that the application are the best evidence of their content. Except as specifically averred herein, denies the allegations of paragraph 15.

16.     Denies the allegations contained in paragraph 16 of the complaint.

17.     Avers that the application are the best evidence of their content. Except as specifically averred herein, denies the allegations of paragraph 17.

18.     States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations contained in paragraph 18 of the complaint but admits that policy death benefit is $5,000,000.

19.     States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations contained in paragraph 19 of the complaint. Denies that the statements made during the application process with respect to net worth, annual income, source of funding and purpose of life insurance were materially incorrect and/or fraudulent.

20.     States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations contained in paragraph 20 of the complaint.

21.     Admits that plaintiff seeks the relief specified therein but denies that plaintiff is entitled to such relief sought in paragraph 21.

**COUNT 1**
**<u>DECLATORY JUDGMENT</u>**

22.     For his response to paragraph 22 of the complaint, repeats and realleges each of his responses to paragraphs 1-21 of the complaint, as if fully set forth herein.

3

23.     Admits that plaintiff seeks the relief specified therein but denies all the remaining allegations in paragraph 23.

24.     States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations contained in paragraph 24 of the complaint.

25.     Denies the allegations contained in paragraph 25 of the complaint and denies that plaintiff is entitled to such relief.

26.     Denies the allegations contained in paragraph 26 of the complaint.

27.     States that no response is required to the allegations contained in paragraph 27 of the complaint because the allegations consist of legal conclusions. Admits that plaintiff seeks the relief specified therein but denies that plaintiff is entitled to such relief.

AS FOR A FIRST AFFIRMATIVE DEFENSE

28.     The complaint fails to state a claim upon which relief can be granted.

AS FOR A SECOND AFFIRMATIVE DEFENSE

29.     Plaintiff is barred from recovering on their claims under the doctrine of in para delicto.

AS FOR A THIRD AFFIRMATIVE DEFENSE

30.     Upon information and belief, to the extent plaintiff sustained any injury, it is a result of its own culpable conduct.

AS FOR A FOURTH AFFIRMATIVE DEFENSE

31.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

### AS FOR A FIFTH AFFIRMATIVE DEFENSE

32.     Plaintiff did not rely on any of the alleged misrepresentations in issuing the subject policy.

### AS FOR A SIXTH AFFIRMATIVE DEFENSE

33.     Plaintiff continued to charge, bill, collect and retain premiums despite having knowledge of the allegations that it purports allow it to rescind or void the policy.

### AS FOR A SEVENTH AFFIRMATIVE DEFENSE

34.     Plaintiff's claim is barred under the doctrine of laches.

### AS FOR A EIGHTH AFFIRMATIVE DEFENSE

35.     At the time plaintiff sold and issued the policy, plaintiff was actively engaged in the business of selling life insurance policies on the lives of elderly individuals without regard to the income or net worth of the insured.

36.     Plaintiff sold many such life insurance policies constituting many hundreds of millions of dollars of life insurance.

37.     Plaintiff was well aware at the time it sold and issued the policy that it was selling life insurance policies on the lives of elderly individuals without regard to the financial condition of the insured, and that this practice was widespread.

38.     Plaintiff actively and knowingly engaged in the business of selling life insurance on elderly individuals to such life insurance trusts.

39.     Plaintiff either viewed this practice as lawful and legitimate, or willfully turned a blind eye to it.

40. Plaintiff accepted premium payments on such life insurance policies with the hope that the policies would lapse for failure to pay premiums so that plaintiff can keep all of the insurance premiums paid without providing any coverage.

41. In the event a policy would not lapse within the two year contestability period, plaintiff would challenge the validity of the policies and keep the premiums.

42. In the event an insured would die within the two year contestability period, plaintiff would not pay the benefits and instead challenge the policy and seek to keep the premiums.

43. Defendants were aware that plaintiff, by its conduct, deemed the business of selling such policies to be proper and acceptable.

44. Plaintiff encouraged defendants to purchase insurance, not interested in the insured's financial condition.

45. Having actively and publicly endorsed the foregoing business practices, having by virtue of its conduct legitimized these practices, having induced defendants to acquire the policies, and having accepted premium payments with respect to the policies, plaintiff is estopped from repudiating the Policy and disavowing its legitimacy.

46. In this case, plaintiff has no reason whatsoever to believe the defendant misrepresented his financial condition in the application and has alleged such without any foundation. In fact, the defendant did not materially misrepresent his financial condition in the application.

47. By virtue of the foregoing, plaintiff is estopped from seeking rescission of the policy on the ground of the financial representations made in the policy.

<u>AS AND FOR A NINTH AFFIRMATIVE DEFENSE</u>

48. Plaintiff's claims are barred by the terms of the insurance contract at issue.

WHEREFORE, the defendant demands judgment as follows:

(a) dismissing each cause of action of plaintiff's complaint;

(b) awarding the defendant its attorneys' fees, cost and disbursements; and

(c) granting such other and further relief as this Court deems just, equitable and proper.

Dated: New York, New York
       June 25, 2010

                                    JAKUBOWITZ & CHUANG LLP
                                    Attorney for Defendant


                                    By: <u>s/</u>_____
                                        Tovia Jakubowitz (TJ0568)
                                        401 Broadway, Suite 408
                                        New York, New York 10013
                                        (347) 230-6622

TO:   Patrick J. Feeley
      DORSEY & WHITNEY LLP
      250 Park Avenue
      New York, NY 10177
      (212) 415-9200